**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna McCarthy,<br><br>        Plaintiff,<br><br>v.<br><br>Nationwide Insurance Company of America, et al.,<br><br>        Defendants. | No. CV-23-02033-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendants' Nationwide Mutual Insurance Company ("Nationwide"),[1] Timothy M. McKercher ("McKercher"), and Maria Kupillas ("Kupillas") (collectively, the "Nationwide Defendants" or "Defendants") Partial Motion to Dismiss (Doc. 10). Plaintiff, Donna McCarthy ("McCarthy") filed a response, (Doc. 15) and Defendants filed a reply (Doc. 18). The Court has considered the pleadings and relevant case law and will grant the Motion.

**I.   BACKGROUND**

This Motion stems from a dispute from Plaintiff's employment with and alleged wrongful termination from Nationwide. (Doc. 10 at 2.) Nationwide is a group of diversified insurance and financial service companies licensed to work in Maricopa County, Arizona. (Doc. 10-2 at 3.) McKercher, a supervisor and managing attorney, and Kupillas, a trial attorney, worked with Plaintiff at Nationwide. (Doc 1 at 2 ¶ 2.) In 2006,

---

[1] Defendants note that the correct name of the company is Nationwide Mutual Insurance Company, not Nationwide Insurance Company of America. (Doc. 10 at 1 n.1; Doc. 15 at 2 ¶ 1 n.1).

Plaintiff started as a paralegal/secretary at Nationwide and was promoted to paralegal sometime in 2009 or 2010. (Doc. 1 at 4–5 ¶ 10.) A few years later, Plaintiff was promoted to senior paralegal, and then to paralegal specialist. (*Id.*) As a paralegal specialist, Plaintiff reported to the managing attorney, McKercher. (*See* Doc. 10–2.) Plaintiff alleges that she was never disciplined for performance issues of any sort during her tenure with Nationwide. (Doc. 1 at 4–5 ¶ 10.)

Plaintiff alleges that she was subject to harassment and a hostile work environment that impacted her mental and physical health. (*Id.* at 14–15 ¶ 36.) Plaintiff further alleges that she reasonably attempted to avoid the harm by abiding to every demand even if it meant working late or on the weekends. (*Id.* at 15 ¶ 37.) Plaintiff also alleges that all Defendants failed to exercise reasonable care to prevent and correct the harassing behavior. (*Id.*) Additionally, Plaintiff alleges that she was subject to age and sex discrimination because similarly situated male employees were assigned less work and were treated more fairly. (*Id.* at 11 ¶ 25.)

Due to McKercher's alleged inappropriate conduct, Plaintiff sent in a complaint to Nationwide's Human Resources ("HR") department. (Doc. 1 at 5, 12–13 ¶¶ 11, 31.) She alleged that McKercher sent harassing emails, singled Plaintiff out on case matters, forced her to get a doctor's note to receive one flexible day of working at home, and told Plaintiff to look for another job. (*Id.*) Plaintiff alleges that she begged the HR employee to not tell McKercher about the complaint due to fear of retaliation. (*Id.* at 5 ¶ 11.) However, McKercher was allegedly told about the complaint. (*Id.*) Plaintiff alleges that McKercher then asked Kupillas to find anything negative about Plaintiff for retaliation purposes. (*Id.*) Plaintiff alleges that McKercher and Kupillas claimed she had made several changes to an answer to a complaint that was filed with the court after Kupillas had signed it. (*Id.*)

On or about September 17, 2021, Plaintiff alleges that she was told to meet McKercher in the conference room. (*Id.* at 6 ¶ 13.) Plaintiff alleges that McKercher threw the answer at her and told her to admit changing it. (*Id.*) Plaintiff asserts she was fearful of McKercher's aggressiveness and admitted to changing the alignment of the answer and

1  signing the mailing certificate, as was allegedly protocol for several years that McCarthy
2  had been employed at Nationwide. (*Id.*) Several hours later, Plaintiff was instructed to
3  call HR and was told that she had ten minutes to leave the building or security would escort
4  her out. (*Id.* at 6–7 ¶ 14.) Plaintiff further alleges that the Defendants did this to embarrass,
5  humiliate, and injure her. (*Id.*) Plaintiff also alleges that she had to leave all her personal
6  affects and left the building crying and yelling while walking past her coworkers. (*Id.*)

7        Plaintiff claims that these events sent her into a deep depression, and she therefore
8  sought short-term disability aid. (*Id.* at 7 ¶ 16.) After being denied, Plaintiff was contacted
9  by Nationwide's HR department and was told that management wanted to set up a meeting
10 to discuss the investigation. (*Id.* at 8 ¶ 16.) In November 2021, the meeting took place on
11 Zoom, which Plaintiff, McKercher, and an HR representative attended. (*Id.*) McKercher
12 told Plaintiff that she was fired from her job at Nationwide. (*Id.*) Plaintiff alleges that
13 there was no prior notice of the firing and that McKercher was hostile during the meeting.
14 (*Id.*)

15       In November 2021, McCarthy applied for unemployment benefits with the Arizona
16 Department of Economic Security ("ADES"). (*Id.* at 9 ¶ 19.) ADES denied this request
17 because it concluded that Plaintiff was fired "for cause" after statements from Defendants
18 about Plaintiff's performance, abilities, and reputation—which Plaintiff contends were
19 false. (*Id.* at 8–9 ¶¶ 18–19.) Plaintiff appealed this decision and was ultimately able to
20 secure unemployment benefits. (*Id.* at 9–10 ¶¶ 19–20.) Plaintiff alleges the administrative
21 law judge ("ALJ") came to this conclusion because Defendants' representative allegedly
22 would not give over the investigation report as it was confidential, and Defendants'
23 representative stated that Plaintiff had never been written up for poor work performance.
24 (*Id.*)

25       Plaintiff then filed a discrimination charge to the Employment Equal Opportunity
26 Commission ("EEOC") in July 2022. (Doc. 10-1.) In response, Defendants provided a
27 position statement. (Doc. 10 at 9.) Defendants also provided an exhibit listing documents
28 that Plaintiff allegedly altered from 2018–2021, with Kupillas being the file manager on

them all. (Doc. 1 at 6 ¶ 12.) However, Plaintiff alleges that Kupillas was not employed by Nationwide until 2021. (*Id.*) Plaintiff in turn alleges that Defendants falsely disclosed information to the EEOC to intentionally injure the Plaintiff based on false allegations and retaliation. (*Id.*)

Plaintiff then filed this lawsuit. (Doc. 1.) Plaintiff brings four claims against the Defendants. (*See id.*) First, Plaintiff alleges that Nationwide and McKercher discharged and discriminated against her with respect to compensation, terms, conditions, and privileges due to her age. (*Id.* at 10 ¶¶ 20–29.) Second, McCarthy alleges that Defendants retaliated against her for contacting human resources. (*Id.* at 12–13 ¶¶ 30–34.) Third, Plaintiff alleges that Defendants created a hostile work environment, and that Plaintiff was subject to a severe, persistent, and a hostile work environment that affected her work product. (*Id.* at 14–16 ¶¶ 35–40.) Fourth, Plaintiff alleges that Defendants negligently inflicted emotional distress upon her through their discriminatory, harassing, and retaliatory actions. (*Id.* at 16–17 ¶¶ 41–45.) Defendants move to dismiss Counts I and IV. (Doc. 10.)

## II.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This requirement is met if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a

cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### III. DISCUSSION

#### A. Count I – Age Discrimination

In Count I, Plaintiff alleges that she was wrongly discharged due to her age. (Doc. 1 at 10 ¶¶ 20–29.) Defendants point out that this claim was not discussed in the original EEOC complaint, and Plaintiff concedes this point. (Doc. 10 at 3–5; Doc. 15 at 3.) Plaintiff also agrees that this Count should be dismissed. (Doc. 15 at 3.) Given this agreement, the Court will dismiss Count I with prejudice.

#### B. Count IV – Negligent Emotional Distress & Defamation

Defendants argue that Count IV should be dismissed because it is (1) preempted by Arizona's workers' compensation statutes and, alternatively, (2) the allegations of the

claim are based on the same Title VII allegations for Counts II and III and are therefore preempted. (Doc. 10. at 5–7.) Plaintiff does not respond to or address the issues of preemption. The Court agrees with these arguments.

To begin, workers' compensation in Arizona is the "exclusive remedy against [an] employer or any co-employee" for injuries suffered by an employee at work. Ariz. Rev. Stat. § 23-1022(A). Emotional distress can be compensable under the Workers' Compensation Act, as an injury, if there is some unexpected, unusual or extraordinary stress that contributed to the distress. *See Olive v. City of Scottsdale*, No. 94-1028 PHX EHC, 1996 WL 435132, at *2 (D. Ariz. Mar. 28, 1996). Due to this, a plaintiff's state-law tort claims are ordinarily dismissed. *See Steinaker v. Sw. Airlines Co.*, No. CV-19-05022-PHX-SPL, 2022 WL 3017420, at *4 (D. Ariz. July 29, 2022); *Hunley v. Orbital Scis. Corp.*, No. CV-05-1879-PHX-DGC, 2006 WL 2460631, at *5 (collecting cases).

However, in lieu of receiving workers' compensation, an employee can elect to maintain a legal action where an employer's willful misconduct caused the employee's injury. *McKee v. State*, 388 P.3d 14, 18–19 (Ariz. Ct. App. 2016). Willful misconduct must have four elements present:

(1) The employer's wilful misconduct must have been the cause of the employee's injury,
(2) the wilful misconduct must have been "an act done . . . knowingly and purposely with the direct object of injuring another,"
(3) the act that caused the injury must have been the personal act of the employer, and
(4) the act must have reflected "a wilful disregard of the life, limb or bodily safety of employees."

*Id.* at 19. Here, Defendants' alleged conduct does not amount to willful misconduct. Put simply, Plaintiff fails to allege or provide evidence of a willful disregard to her "life, limb or bodily safety" as required by Arizona law. *Id.*; ARIZ. CONST. art. XVIII, § 8. Because the willful misconduct exception does not apply, the Court agrees that this claim is preempted by Arizona's workers' compensation scheme.

Even if preemption were not applicable, this claim is also barred by Title VII. Title VII of the Civil Rights Act of 1964 is the "exclusive, pre-emptive administrative and

judicial scheme [available] for the redress of federal employment discrimination." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829 (1976); 42 U.S.C. § 2000e-2(a)(1). Therefore, tort claims that arise out of the same allegations as other Title VII claims are generally barred. *Simpson v. DeJoy*, No. CV-20-00495-PHX-DWL, 2021 WL 2416831, at *10 (D. Ariz. June 14, 2021); *see also Sommatino v. United States*, 255 F.3d 704, 711 (9th Cir. 2001) (holding that Title VII preempts state law tort claims including negligent infliction of emotional distress). There is an exception to this rule for highly personal physical or emotional injuries such as rape, sexual assault, and stalking. *Sommatino*, 255 F.3d at 711–12.

The Court finds that there has not been an injury highly personal such as those just mentioned to constitute an exception. Moreover, the Court finds that the negligent infliction of emotional distress claim arises out of the same allegations of work harassment, discriminatory and retaliatory actions as the other Title VII claims (Counts II and III). Accordingly, the Court finds that the negligent infliction of emotional distress claim is preempted by Title VII. Count IV will be dismissed with prejudice.

**C. Defamation Claim**

Plaintiff also appears to assert a defamation claim. (*See* Doc. 1 at 1–2.) The Court will analyze it as such. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (the court liberally construes pro se filings). Defendants argue that the statute of limitations for a defamation claim has run, and the Court agrees.

In Arizona, the statute of limitations for a defamation claim is one year. Ariz. Rev. Stat. § 12-541(1). The statute of limitations begins to run upon publication of the defamatory statement. *Id.*; *see also Bresser v. Menta Grp., Inc., NFP*, 934 F. Supp. 2d 1150, 1161 (D. Ariz. 2013). Here, the ADES unemployment hearing was in March 2021 and the EEOC statement was filed on September 23, 2022. (*See* Doc. 10 at 8.) From Plaintiff's Complaint, it appears that any alleged defamatory statements were made in one of these two instances. (Doc. 1 at 6, 9–10 ¶¶ 12, 19.) Plaintiff filed her Complaint on September 27, 2023. (*Id.*) Therefore, any alleged defamatory statement was published

more than one year before Plaintiff filed this lawsuit, making it fall outside the statute of limitations. Accordingly, to the extent that it is pled, the Court will dismiss the defamation claim with prejudice.

### D. Individual Defendants and Voluntary Appearance

In her response, Plaintiff also asserts that Defendants' Motion is premature because Plaintiff has not yet served McKercher and Kupillas. (Doc. 15 at 4.) Defendants counter by noting that a defendant may voluntarily appear without being served. (Doc. 18 at 2.) The Court agrees with the Defendants that a defendant may voluntarily appear without service of process.

"For a judgment to be valid and binding upon the parties litigant, the parties affected must be either legally served with process or *have voluntarily appeared*." *McDonnell v. S. Pac. Co.*, 281 P.2d 792, 793 (Ariz. 1955) (emphasis added); *see also Austin v. State ex rel. Herman*, 459 P.2d 753, 755 (Ariz. Ct. App. 1969) (finding that a general appearance allows for waiver of any defect in service.) Here, McKercher and Kupillas voluntarily appeared through counsel. Moreover, Defendants state that they do not intend to raise any arguments regarding service of process. (Doc. 18 at 2.) Therefore, the Court rejects Plaintiff's argument and finds that the Motion was not premature.

### IV. CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED granting** Defendants' Partial Motion to Dismiss (Doc. 10). Counts I and IV will be dismissed with prejudice. Additionally, to the extent it is pled, Plaintiff's defamation claim will also be dismissed with prejudice.

Dated this 12th day of June, 2024.

Honorable Susan M. Brnovich
United States District Judge